U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV - 5 2007

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **VERNON J. TATUM, JR.** | : | **DOCKET NO. 07-705** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **AMERICAN RED CROSS, ET AL** | : | **MAGISTRATE JUDGE WILSON** |

### MEMORANDUM RULING

Before the Court are three motions: (1) "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" (doc. #1) filed by defendant, The American National Red Cross ("ANRC"), (2) "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" (doc. #10) filed by defendant, The Calcasieu Parish Police Jury, and (3) "Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure" (doc. #13) filed by Tony Mancuso in his capacity as Sheriff of Calcasieu Parish. Defendants in the aforementioned motions maintain that this suit should be dismissed with prejudice in its entirety because Plaintiff's claims are prescribed. For the following reasons, the motion will be granted.

### FACTUAL STATEMENT

Plaintiff, Vernon J. Tatum, Jr. makes the following allegations in his "Petition for Negligent and/or Intentional Tort." On September 9, 2005, due to Hurricane Katrina making landfall in the New Orleans area, Plaintiff was evacuated to the Burton Coliseum in Lake Charles, Louisiana. The ANRC[1] supervised and managed the shelter and the Calcasieu Sheriff's Office, which is

---

[1] Even though Plaintiff names the American Red Cross, Defendants assert that the correct party is the American National Red Cross.

administratively governed by the Police Jury for the Parish of Calcasieu provided security.

On September 21, 2005, Plaintiff was advised that the evacuees would be evacuated to Monroe, Louisiana because Hurricane Rita was projected to make landfall in Southwest Louisiana. Jack Hart, an ANRC supervisor ordered the evacuees not to bring their personal possessions with them and assured the evacuees that their possessions would be secure. Lawn/leaf disposable bags were distributed to each evacuee to store their possessions; the bags were labeled for identification with gray duct tape and left in the Burton Coliseum.

Upon Plaintiff's return to the Burton Coliseum on October 10, 2005 to retrieve his possessions, he found that the bags had been moved to the livestock barn. Plaintiff was unable to recover many of his possessions. On November 2, 2005, Plaintiff filed a complaint with the Calcasieu Parish Sheriff's Office concerning the theft of his valuables at the Burton Coliseum. Plaintiff filed the instant complaint in state court which was subsequently removed to this Court. Plaintiff alleges that these Defendants were negligent for allowing his possessions to be stolen.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[2] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[3] "Legal

---

[2] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n.* 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[3] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[4] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[5]

## LAW AND ANALYSIS

Defendants maintain that the facts as pleaded in the Complaint establish that Plaintiff's claims are prescribed on the face of the pleadings. More specifically, Defendants assert that Plaintiff admits in his pleading that he became aware of his cause of action more than one year prior to filing his claim. When a successful affirmative defense such as prescription appears on the face of the pleadings, dismissal under Federal Rule of Civil Procedure 12(b)(6) may be appropriate.[6] The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to judge the merits of the case.[7]

Louisiana law provides that a plaintiff has one year from the day injury or damage is sustained to bring a negligence claim.[8] When a party seeks to assert the defense of prescription, that party has the initial burden of proving that a tort claim has prescribed, but if the defendant shows that one year has passed between the tortious acts and the filing of the lawsuit, then the burden shifts

---

[4] *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

[5] *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

[6] *Mayo v. United States,* 1999 WL 594685, at *1 (W.D. La. 1999).

[7] *First National Bank of Louisville v. Lustig,* 809 F.Supp. 444 (E.D. La. 1992).

[8] La. Civ. Code art. 3492.

to the plaintiff to prove an exception to prescription.[9] In his complaint, Plaintiff alleges that on October 10, 2005, when he returned to the Burton Coliseum, he discovered that his personal possessions had been removed to an unsecured location and subsequently lost or stolen.[10] Plaintiff further alleges that on November 2, 2005, he filed a formal complaint with the Calcasieu Parish Sheriff's Office concerning the alleged theft of his property.[11] Plaintiff filed the instant suit on November 6, 2006.

Based on the facts pled in the Complaint, this Court must find that the claims filed against the American National Red Cross, the Calcasieu Parish Policy Jury and Tony Mancuso in his capacity as Sheriff of Calcasieu Parish are time barred under Louisiana Civil Code article 3492. Accordingly, the three motions to dismiss will be granted and the claims against these defendants will be dismissed with prejudice.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of November, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[9] *Terrebonne Parish School Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 320 (5th Cir. 2002).

[10] Petition for Damages, ¶¶ 5 and 6.

[11] *Id.* at ¶ 7.